## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DELRIS NELLA MALERA NDOULOU,

     Petitioner,

    v.                                        Case No. 2:26-cv-00764 KWR-JFR

WARDEN, Otero County Processing Center,
ACTING DIRECTOR, Acting Director
Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department
Of Homeland Security; AND TODD BLANCHE,
*Acting* U.S. Attorney General,

     Respondents.

### **ORDER DISMISSING PETITION WITHOUT PREJUDICE**

THIS MATTER comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen. When she filed her habeas petition, she was in ICE detention at the Otero County Processing Center in New Mexico. Petitioner asserted a *Zadvydas* claim and she requested release from custody. Respondents assert that Petitioner has been removed from the United States and is no longer in ICE detention. Doc. 8 As explained below, the Court dismisses the Petition as moot because Petitioner is no longer in ICE detention.

Because Petitioner has been released from custody, her habeas petition challenging her detention is now moot. First, Respondents assert that Petitioner was removed on March 31, 2026 and is no longer in detention. *See* Doc. 8 at 1. Moreover, the Court was unable to find Petitioner in the online ICE custody locator. "Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Cohen Ma v. Hunt*, 372 F. App'x 850, 851–52 (10th Cir. 2010). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is

filed." *Id.* (citation and quotation omitted). "Once the controversy ceases to exist, the action is moot and this court lacks jurisdiction." *Id.* (quoting *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (citation omitted)).

Generally, release from custody may moot a § 2241 habeas petition challenging detention. *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (petitioner's "challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. Ferry's administrative removal order has been executed, and thus, Ferry is no longer in the custody of the DHS to benefit from a bond determination or release."); *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716–17 (10th Cir. 2004) (noting that petitioner's release from custody mooted habeas petition which challenged the legality of the duration of his detention).

However, a petition is not moot if: (1) secondary or collateral injuries survive after the petitioner is released; (2) after release, the detention is deemed a wrong capable of repetition yet evading review; (3) the respondent voluntarily ceases the allegedly illegal practice but may resume it at any time; or (4) the action is properly certified as a class action. *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The Court is cognizant that collateral consequences stemming from removal or removal proceedings are not relevant to whether the habeas petition challenging detention is moot. *See, e.g., Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("But Ferry's inability to return to the United States is a continuing injury that stems from his removal order, not his detention."). Here, the record clearly shows that the Petition is moot. In her Petition, Petitioner challenged her detention, and she has now been released or removed. The record does not suggest that any of the exceptions to mootness may apply. To the extent there are collateral consequences from her *removal*, those collateral

consequences not relevant to deciding whether her petition challenging her *detention* is moot. Therefore, the Petition is now moot, and this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Petition (Doc. 1) is dismissed without prejudice.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE